**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VICTOR WESLEY ALLISON,

      Defendant - Appellant.

No. 00-4063
(D.C. No. 90-CR-50-W)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

We have before us a "Joint Motion of the Parties for Remand" filed October 19, 2000, by the government and defendant-appellant Victor Wesley Allison pursuant to 10th Cir. R. 27.2(A)(1)(c). The United States District Court for the District of Utah revoked Allison's probation after he violated its conditions by failing to make restitution payments, and Allison appealed from the revocation of his probation. The Joint Motion, filed during briefing in Allison's

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal, stipulates that "the record is insufficient to review the issue of whether the district court adequately considered Allison's ability to pay restitution" and requests a remand to the district court for further findings on that issue. (Joint Motion of the Parties for Remand at 1-2.)

During a period spanning at least four years, appellant conducted a scheme that consisted primarily of extending fraudulent loans and collecting advance fees on them. Following his plea of guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343,[1] appellant was sentenced to two years imprisonment and five years probation and ordered to pay restitution in the amount of $870,000 as a condition of probation. At a show cause hearing held on March 20, 1998, appellant admitted that he had violated the terms of his probation by missing scheduled restitution payments. The court reduced the amount of restitution due to $350,000 and set the sentencing date for the probation violation for March 21, 2000. During the two-year interim before sentencing, appellant continued to miss payments and argued at a second show cause hearing on November 10, 1999, that he was unable to make his scheduled payments. Although that hearing was continued to allow appellant to provide the court with detailed financial information, there is no indication in the record that the court ever considered

_____

[1] Appellant incorrectly states in his brief that Count 5, one of the counts to which he pleaded guilty, alleged interstate transportation of stolen property in violation of 18 U.S.C. § 2314.

financial statements, tax returns, or any other evidence relevant to appellant's ability to satisfy the restitution order. On March 21, 2000, the district court sentenced appellant to a term of five years imprisonment for failure to pay restitution.

On August 21, 2000, appellant filed an Opening Brief in this Court arguing (1) the district court failed to adequately consider his ability to pay restitution, and (2) the court abused its discretion in determining his failure to pay restitution was a willful violation of his probation justifying revocation. Before the government filed its response brief, the parties entered their Joint Motion to remand the case. The government's brief contests appellant's second claim but, in accordance with the joint stipulation, concedes that remand is necessary for further findings regarding Allison's ability to pay restitution.

Upon review of the record on appeal, we agree with the parties that the factual record is inadequate as to appellant's ability to satisfy the restitution order. Because the record is also insufficient to permit our review of appellant's second claim that the court erred in revoking his probation for failure to pay restitution, we decline to address that claim at this time. Accordingly, we **REMAND** to the district court for further findings concerning Allison's ability to pay restitution.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge